UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 16-0017-1 (PLF) |
| ) | |
| EMEKA H. CHIJIOKE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is Emeka Chijioke's Motion [Dkt. No. 33] for Early Termination of Supervised Release ("Mot."). The United States opposes the motion. See Government's Opposition to Defendant's Motion for Early Termination of Supervised Release ("Opp.") [Dkt. No. 34]. Upon careful consideration of the parties' filings, the relevant legal authorities, and the record in this case, the Court will deny Mr. Chijioke's motion.

I. BACKGROUND

In 2017, Mr. Chijioke pled guilty to one count of health care fraud in violation of 18 U.S.C. § 1347. See Judgment [Dkt. No. 31] at 1. This Court sentenced Mr. Chijioke to twenty-four months of incarceration, followed by a three-year term of supervised release. Id. at 2-3. Mr. Chijioke returned to the community and began his term of supervision on July 17, 2019. On January 5, 2021, Mr. Chijioke filed the instant motion.

II. LEGAL STANDARD

This Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is

satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When considering a motion for early termination of supervised release, this Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

United States v. Harris, 258 F. Supp. 3d 137, 144 (D.D.C. 2017) (citing 18 U.S.C. § 3583(e)).

### III. DISCUSSION

Mr. Chijioke has served approximately one year and ten months of his three-year term of supervised release. During that time, he has fully complied with the conditions of his release. See U.S. Probation Office Petition ("Probation Petition") [Dkt. No. 35] at 2. Mr. Chijioke is employed and has maintained a stable residence while on supervised release. Id. He has also completed the required hours of community service and made regular restitution payments. Id.

The Court commends Mr. Chijioke on his progress. Nonetheless, the Court concludes that Mr. Chijioke's conduct and the interest of justice do not warrant early termination of his supervised release. Moreover, Mr. Chijioke pled guilty to and was sentenced for a serious crime – defrauding the District of Columbia Medicaid program of at least $580,000. See Statement of the Offense [Dkt. No. 19] at 4; see also 18 U.S.C. § 3553(a)(1). He carried out the offense from approximately 2007 to 2012, and he repeatedly defrauded the District of Columbia Medicaid Program over the course of that time. Id. The sentence imposed by the Court

"reflect[s] the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A).  This is particularly so given that the sentence was at the low end of the permissible guidelines range.  See Opp. at 3; Sentencing Recommendation [Dkt. No. 25] at 1.

General deterrence principles also counsel in favor of denying Mr. Chijioke's motion.  See 18 U.S.C. § 3553(a)(2)(B).  Medicaid fraud is both common and costly.  See Opp. at 3.  Sanctions that reduce the benefits of that fraud help deter potential similar conduct.  Finally, Mr. Chijioke still owes over $530,000 in restitution.  See Probation Petition at 2; 18 U.S.C. § 3553(a)(7).  The Court concludes that supervision is necessary to reflect the seriousness of his offense and to ensure that Mr. Chijioke continues to make timely and consistent restitution payments.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Mr. Chijioke's Motion [Dkt. No. 33] for Early Termination of Supervised Release is DENIED.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  May 12, 2021